## JOE COKER v. THE STATE.

### No. 6926.   Decided May 24, 1922.

**1.—Theft—Automobile—Charge of Court—Circumstantial Evidence—Imputing Crime to Another.**

It is not necessary to charge on the issue of imputing the crime to another—unless there be evidence bringing some other person into such proximity to the offense as would be of some degree of cogency in tending to furnish the basis for the reasonable hypothesis that the other person committed the offense. Following Wallis v. State, 45 Texas Crim. Rep., 349, and other cases. And, where the defense was an alibi, and the testimony circumstantial, and the court submitted the proper charge on this phase of the case, there was no reversible error on that ground.

**2.—Same—Alibi—Charge of Court—Article 743, C. C. P.**

Where, upon trial of theft of an automobile, the real defensive theory was embraced in the court's charge on alibi, and which also covered the phase of the case that the car if not stolen by defendant but by some other person, etc., there was no error in refusing defendant's requested charges, under Article 743, C. C. P.

**3.—Same—Continuance—Motion For New Trial—Practice on Appeal.**

Where appellant sought a continuance to obtain the testimony of certain witnesses, and showed a want of diligence in an effort to procure their testimony either by deposition or by subpoena, there was no reversible error, especially in the absence of affidavits of witnesses to the motion for new trial, and the court's holding that the testimony was not material.

Appeal from the District Court of Denton.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of theft of an automobile;  penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of five years.

A five-passenger open Ford car belonging to Mrs. Hammett was stolen from near her home at Denton, Texas, on the night of the 21st of August.   The registration number was 555212.

The State's theory, supported by testimony, is this: Appellant, in company with a woman whom he described as his wife and going under the name of McKinney, was in possession of the stolen car at Sulphur, Oklahoma, and sold it to the witness Gentry.   Appellant

represented to Gentry that the car was the property of Mrs. Murphy and gave to Gentry her address at Ardmore, naming the room which she occupied in a certain hotel. Gentry talked to Mrs. Murphy and later delivered a check in her favor of $450 to the appellant in payment of the car, taking from him a bill of sale signed by Coker.

Appellant, in company with one Jameson, was shown by direct testimony to have been in Denton in a Ford Sedan automobile on the day preceding the theft. Two persons coinciding with the description of appellant and Jameson were seen at points in Oklahoma, one driving a Ford Sedan, and the other a Ford touring car. After they had made a stop upon the road, a number plate was found where it had been thrown in a pasture. It was identical with the number on the car lost by Mrs. Hammett, and was introduced and identified upon the trial as belonging to her car. A tax seal from an automobile, bent and crumpled, was also found and later identified as coming from the lost car. Certain articles which were in the lost car were found in a grip which was in the possession of the appellant who, with his wife, was traveling on the train at the time of their arrest. The room occupied by Mrs. Murphy in the hotel at Ardmore was also occupied by the appellant and his wife. Mrs. Murphy was a sister of appellant's wife.

Gentry learning that the car he had bought from the appellant had been stolen, sent it to Ardmore by the witness Hendricks, and after some controversy, Mrs. Murphy surrendered the check which had been given to the appellant for it.

Appellant did not testify but interposed the defense of alibi, supported by the testimony of his wife and his mother. From the testimony of the wife, it appears that neither she nor appellant had any interest in the car; that it belonged to her sister, Mrs. Murphy; that she and her husband took a trip in it from Ardmore to Sulphur, and there sold it to Gentry and obtained a check; that Mrs. Murphy got the car from George Velmer Coker at El Reno; that appellant's name was Joe Velmer Coker, and the two men were related and bore some resemblance. She said that appellant had left Ardmore on Friday, August 19th, and returned on Monday, August 22nd; that he went to his mother at Middlebrook, Oklahoma. His mother, Mrs. Moore, and one of her grandchildren verified the statement that he was at her place. She said that appellant had nothing to do with making the bill of sale; that Mrs. Murphy did that; that Mrs. Murphy had a bill of sale from George Velmer Coker and that was the bill of sale which she turned over to Gentry.

The criminating evidence was circumstantial, and the jury was so instructed. No effort has been made in this opinion to state the evidence in detail, but only such part as is deemed appropriate to illustrate the questions of law necessary in the disposition of the appeal.

Against the charge the point is made that there was error in refus-

ing to instruct the jury that if the automobile was stolen by some
other person than the appellant, his subsequent connection with it
would not authorize a conviction for theft. Of course, if the appel-
lant was not the original taker of the car, he was not guilty of theft,
though his conduct might have made him guilty of receiving stolen
property.

It is also the law in this State that in a case depending wholly
upon circumstantial evidence, if there is testimony to the effect that
another committed the offense, an appropriate charge upon that sub-
ject should not be refused. Such a charge, however, is not required
unless there be evidence bringing some other person in such proximity
to the offense as would be of some degree of cogency in tending to
furnish the basis for the reasonable hypothesis that the other person
committed the offense. Wallace v. State, 46 Texas Crim. Rep., 349;
Brown v. State, 74 Texas Crim. Rep., 356; Taylor v. State, 81 Texas
Crim. Rep., 364; Taylor v. State, 87 Texas Crim. Rep., 338. In the
instant case, the appellant's theory revealed by his wife's testimony
is that Mrs. Murphy got the car in question from George Velmer Coker
at El Reno, Oklahoma, on the 2nd day of August, which was some
nineteen days before it left the possession of the owner named in the
indictment in this case. George Velmer Coker was not produced as a
witness or accounted for; nor is there any testimony that he was in
the State of Texas at or about the time the theft was committed; nor
was there any testimony that Mrs. Murphy was in Texas at any time
prior to the date of the offense. We are constrained to believe that
there was no evidence presenting the hypothesis that any other specific
person committed the theft. The true defense advanced by appellant
is that he did not commit it and could not have done so for the reason
that at the time the car was stolen, he was at the home of his mother
in Middlebrook, Oklahoma. This hypothesis or theory was submitted
to the jury in a definite and affirmative way in a charge of which there
is no complaint. So far as we are able to discern, it was the sole
affirmative defense. There was direct testimony that the appellant
was in Denton on the day before the car was stolen and that a few
days thereafter he was in possession of it in Sulphur, Oklahoma, and,
acting under an assumed name, sold it to Gentry.

There are also circumstances tending to connect him with the pos-
session en route between the place at which it was stolen and the
place at which it was sold. He and his wife occupied the same room
of the hotel with her sister, Mrs. Murphy, in whose behalf appellant
claimed that he sold the car and to whom he delivered the check which
he received for it. Appellant's wife, his mother, and another relative
testified that he was in Middlebrook, Oklahoma, at the time the car
was stolen.

The real defensive theory was embraced in the charge on alibi. It
in substance covered the phase of the case under discussion, that is,

that the car was not stolen by the appellant but by some other person. If he did not steal it, there is no evidence pointing out the thief, nor upon which to base a charge undertaking to identify another as having committed the offense. Under these circumstances, we do not understand the law to require the instruction suggested by appellant's exception. Even if this were doubtful, the true and only affirmative issue being fairly submitted, the omission of the instruction for which appellant contends was not of a character to authorize the reversal of the judgment. Such effect is precluded by the statutory rule stated in Code of Crim. Proc., Art. 743, in which the right of this court to reverse because of an omission of the charge is denied unless the "omission was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." See Vernon's Texas Crim. Stat., Vol. 2, p. 514.

Appellant sought a continuance to obtain the testimony of two witnesses by whom be expected to prove that in going from Ardmore to Middlebrook, he passed through Purcell and was there on the 20th of August. In the motion, it is averred that the witnesses resided in Dallas. Whether they moved there after or before the date of the offense is not revealed. It was on the 29th of September that he learned that they were in Dallas. Upon what efforts, if any, that might have previously been made to learn their whereabouts or secure their testimony, the motion is silent. On that date, he got process which was returned, not executed, on a date not named in the motion. On the subpœna there was indorsed, according to the motion, the information that they would return to Dallas on the 20th of October. If the witnesses resided in Oklahoma at the time of the offense, diligence would have required an effort by deposition to secure their testimony. If they resided in Dallas, there was laches in failing to issue subpœna at an earlier date.

The motion for new trial was overruled more than two weeks after the verdict was rendered and no affidavit of the witnesses or either of them was attached, nor was their absence explained. The court in approving the bill indicates that he regards the testimony as not probably true. In so holding we are not prepared to say that he abused his discretion. We think, however, that the bill shows a want of diligence.

The other bills of exceptions have been examined, but in neither of them is any error disclosed, and in our judgment, a discussion of them in detail would serve no useful purpose.

The judgment is affirmed.

*Affirmed.*